# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-05-52-JHP |
| ) | |
| FERNANDO HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

Before the Court are Defendant Fernando Hernandez's Motion for Equitable Tolling or Permission to File a Late Motion (Docket No. 68) and the Government's Response to Defendant's Motion Regarding Equitable Tolling (Docket No. 71). Hernandez requests that the Court equitably toll the one-year limitation period imposed on motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Hernandez's motion is DENIED.

## Background

On June 16, 2005, a federal grand jury indicted Hernandez for Possession with Intent to Distribute Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Hernandez entered a plea of guilty to the charge on July 27, 2005. At the sentencing hearing on December 9, 2005, the Court sentenced Hernandez to 108 months imprisonment. The Court subsequently entered its judgment on January 4, 2006. Hernandez did not directly appeal the Court's sentence. Nevertheless, on May 9, 2007, Hernandez filed the instant motion, requesting that the Court toll the one-year limitation period for filing a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a motion by a federal prisoner to vacate, set aside, or correct his sentence must be filed within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255, ¶ 6. Because Hernandez's motion identifies no facts implicating subparagraphs (2), (3), or (4), the Court presumes that subparagraph (1) applies. Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provides that "a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." As the Government did not appeal in this case, Hernandez was required to file his notice of appeal within 10 days of the Court's entry of judgment on January 4, 2006. When Hernandez failed to appeal his conviction within 10 days, the Court's judgment became final, triggering the one-year limitation period for filing a motion to vacate pursuant to § 2255. By the time Hernandez filed the instant motion, he had clearly exceeded the one-year limitation period for requesting relief pursuant to § 2255.

The Court recognizes that AEDPA's one-year limitation period "is not jurisdictional and...may be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). As

Tenth Circuit precedent makes clear, however, equitable tolling is appropriate "only 'in rare and exceptional circumstances.'"*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). As the Tenth Circuit noted in *Gibson*, such circumstances would include "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id*. (citations omitted). In contrast, neither "[s]imple excusable neglect...[nor] insufficient access to relevant law, such as AEDPA, is...enough to support equitable tolling." *Id*. Moreover, a prisoner "must diligently pursue his federal habeas claims." *Id*.

Of the various grounds identified by Hernandez in support of his request for equitable tolling, most appear to be arguments that Hernandez intends to raise in his § 2255 motion and have no direct bearing on whether Hernandez diligently pursued his claims but was prevented from filing a timely motion by "extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Indeed, the only justification that Hernandez offers directly relating to his failure to file a timely § 2255 motion is that he "is not a [l]egal practitioner, and is unskilled in the law." (Mot. at 4.) As a result, Hernandez contends that he "was not familiar [with the] time limit for a 2255 [motion]." (*Id*.) As the Tenth Circuit noted in *Gibson*, however, a prisoner's "alleged ignorance of AEDPA's one-year limitations period does not support the application of equitable tolling principles." 232 F.3d at 808; *see Marsh*, 223 F.3d at 1217 ("'[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

Instead, the Court finds that Hernandez has not set forth any "rare and exceptional circumstances" justifying the Court's application of equitable tolling to the one-year limitation

period set forth in § 2255 for the filing of a motion to vacate, set aside, or correct his sentence. Accordingly, Hernandez's motion is denied.

## Conclusion

For the reasons set forth above, Defendant Fernando Hernandez's Motion for Equitable Tolling or Permission to File a Late Motion (Docket No. 68) is hereby DENIED.

IT IS SO ORDERED this 11th day of September, 2007.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma